FILED
2021 May-03 PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LYNDON SOUTHERN INSURANCE
COMPANY,

      Plaintiff,

      v.                      Civil Action No.: _____

PREMIER KINGS, INC.,

      Defendant.

Plaintiff Lyndon Southern Insurance Company brings this action pursuant to 28 U.S.C § 2201 and Fed. R. Civ. P. 57 seeking a declaration of the parties' respective rights and obligations under a Commercial Insurance Policy's Business Owners Coverage Form.

## I.     PARTIES

1.    Plaintiff Lyndon Southern Insurance Company ("Lyndon Southern") is a Delaware corporation with a principal place of business in Jacksonville, Florida.

2.    Defendant Premier Kings, Inc. ("Premier Kings") is an Alabama corporation with a principal place of business in Montgomery, Alabama.

## II.    JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 and 28 U.S.C § 2201.

253273859v.3

4.    This Court has personal jurisdiction over Premier Kings because it is a domestic Alabama corporation with its principal place of business in Montgomery, Alabama.

5    This Court also has personal jurisdiction over Premier Kings because this coverage dispute concerns a Premier Kings' business premises located in the City of Hoover, Jefferson County, Alabama.

6.    An actual controversy exists between Lyndon Southern and Premier Kings as to whether Premier Kings is entitled to coverage under an insurance policy issued by Lyndon Southern to Premier Kings.

7.    Complete diversity exists because the Plaintiff Lyndon Southern, which holds Delaware and Florida citizenship, and the Defendant Premier Kings, which holds Alabama citizenship, are citizens of different states.

8.    Based upon the insurance claim filed by Premier Kings, the amount in controversy exceeds the $75,000 jurisdictional minimum, exclusive of interests and costs.

9.    Venue is proper in the District and Division pursuant to 28 U.S.C § 1391(a) (2) because a substantial part of the events giving rise to the insurance claim occurred at a Hoover, Alabama business premised located in this District and Division.

### III.   THE UNDERLYING CONTROVERSY

10.     Premier Kings is in the business of owning and operating Burger King restaurants in a number of states, including Alabama.

11.     On the evening of September 8, 2020 an individual named Roderickus Lamar Singleton ("Singleton") set fire to a Burger King restaurant owned and operated by Premier Kings and located at 1555 Montgomery Highway, Hoover, Alabama ("Store").  At the time of the fire, Singleton was the manager of the Store.

12.     Prior to the fire, Singleton stole money from the Store.

13.     Premier Kings' policy was to review deposits daily.  Deposits from the previous day are supposed to be deposited the next business day.  The corporate office would notify the store manager and area director of missing deposits.

14.     On September 2, 2020, Singleton was asked by the Premier Kings corporate office about the status of deposits for a number of prior days.

15.     On September 2, 2020 Singleton made deposits for August 29, 2020, August 30, 2020 and August 31, 2020.  He did not make a deposit for September 1, 2020 on September 2, 2020. At the time, Premier Kings made no effort to determine why the September 1 deposit was not made on September 2 and failed to follow internal protocols.

16.     A police report states "[o]n 9/08/2020, Singleton made three separate deposits for the restaurant's profits on 09/02/2020, 09/03/2020 and 09/04/2020."

17. Premier Kings' policy is that deposits from the previous day are supposed to be deposited the next business day.

18. Cassie Williams of Premier Kings has stated that Premier Kings discovered that Singleton "would wait 3-4 days or more to make the deposits. This appeared to be floating the deposits."

19. Cassie Williams of Premier Kings also has stated that Premier Kings "discovered stealing on 9/2/2020 and termination paperwork was not submitted until 9/11/20."

20. In an apparent attempt to gather more information about the discovered theft, Valerie R. Smith of Premier Kings reviewed video surveillance footage from September 3, 2020 and September 4, 2020 and observed Singleton removing money from the safe and putting it in his pocket.

21. After discovering the thefts on September 2, 2020, Premier Kings took no steps to terminate Singleton from employment before he set fire to the store and in fact did not terminate him until September 11, 2020.

22. Upon discovery of the thefts, Premier Kings had a duty under the insurance policy referenced below to mitigate damage from Singleton's continued illegal behavior.

23. At least one news outlet reported that Singleton has been charged with first-degree theft of property and second-degree arson, which charges have been

confirmed through a search of online trial court records by undersigned counsel, and that he set the fire in order to conceal the theft.  If Singleton had been timely notified that his thefts had been discovered, he would have had nothing to conceal.

24.    Premier Kings has filed an insurance claim arising from the fire seeking coverage for property damage, lost business income and employee dishonesty.

25.    Premier Kings failed to mitigate and prevent the losses associated with the fire.  If it had acted reasonably and with appropriate diligence and terminated Singleton immediately upon discovering the thefts, most likely the losses caused by the fire would have been avoided and additional thefts would have been avoided.

## IV.    THE LYNDON SOUTHERN INSURANCE POLICY

26.    Lyndon issued an insurance policy with a Business Owners Coverage Form ("Policy") to Premier Kings. The Policy has a policy period from 3/29/2020 to 3/29/2021 and was assigned Policy Number QSR1000076-01.

27.    The Insuring for Section I – Property provides in pertinent part as follows:

**SECTION I PROPERTY**

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

253273859v.3

Covered Property includes Buildings as described under Paragraph **a.** below, Business Personal Property as described under Paragraph **b.** below, or both, depending on whether a Limit Of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph **2.** Property Not Covered.

28.    The portion of the Policy entitled Business Income provides in pertinent part as follows:

**f.    Business Income**

**(1)    Business Income**

**(a)**    We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in a vehicle, the described premises include the area within 100 feet of such premises.

29.    The portion of the Policy entitled "Dishonesty" in pertinent part provides as follows:

**f.    Dishonesty**

Dishonest or criminal acts (including theft) by you, anyone else with an interest in the property, or any of your or their partners, "members", officers, "managers", employees (including temporary or leased employees), directors, trustees or authorized representatives, whether acting alone or in collusion with each other or with any other party; or theft by any person to whom you entrust the property for any purpose, whether acting alone or in collusion with any other party.

This exclusion:

(1)     Applies whether or not an act occurs during your normal hours of operation;

(2)     Does not apply to acts of destruction by your employees (including temporary or leased employees) or authorized representatives is not covered.

With respect to accounts receivable and "valuable papers and records", this exclusion does not apply to carriers for hire.

This exclusion does not apply to coverage that is provided under the Employee Dishonesty Optional Coverage.

30.     The portion of the Policy entitled "Duties in Event of Loss or Damage"

provides in pertinent part as follows:

3.     Duties in the Event of Loss or Damage

**a.**     You must see that the following are done in the event of loss or damage to Covered Property:

(1)     Notify the police if a law may have been broken.

(2)     Give us prompt notice of the loss or damage.  Include a description of the property involved.

(3)    As soon as possible, give us as description of how, when and where the loss or damage occurred.

(4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section I – Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

## V.    CAUSES OF ACTION
## COUNT I – DECLARATORY JUDGMENT

30.    Lyndon Southern incorporates and restates herein the allegations in paragraphs 1 through 29 of the Complaint.

31.    Under Alabama law, "all parties who seek recompense from another [have] a duty to mitigate their losses or damages." *AVCO Fin Servs., Inc. v. Ramsey*, 631 So. 2d 940, 943 (Ala 1994). "A plaintiff can recover only for that damage or loss that would have been sustained if the plaintiff had exercised such care as a reasonably prudent person would have exercised under like circumstances to mitigate the damage or loss." *Id.*

32.    Lyndon Southern maintains that Premier Kings failed to mitigate its losses by taking immediate action to prevent further losses once it learned that Singleton was stealing money.

33.    Premier Kings disputes Lyndon Southern's position and maintains that it acted appropriately in responding to Singleton's felonious conduct once such conduct was discovered or should have been discovered.

34.    A factual controversy exists between Lyndon Southern and Premier Kings which is ripe for adjudication.

**WHEREFORE**, Lyndon prays that this Court award the following relief under Count I: (1) a declaration that Lyndon Southern has no duty or obligation to pay Premier King's claim arising from the fire set by Singleton because it failed to mitigate its damages; and (2) all such additional relief as the Court deems just, including costs of this suit.

## COUNT II – DECLARATORY JUDGMENT - BREACH OF CONTRACT

35.    Lyndon Southern restates and incorporates herein the allegations in paragraphs 1 through 29 of the Complaint.

36.    By failing to mitigate its damages, Premier Kings breached its duty to mitigate which is implied under all contracts made under Alabama law and therefore breached the terms of the Policy.

37.    As a result of that breach, Lyndon Southern has no obligation under the Policy to pay the claim.

**WHEREFORE**, Lyndon prays that this Court award the following relief under Count II: (1) a declaration that Premier Kings breached the terms of the Policy

253273859v.3

by failing to mitigate its damages and that Lyndon Southern has no obligation to pay

the claim relating to the Singleton fire loss; and (a) all such additional relief as the

Court deems just, including costs of suit.

Dated:  May 3, 2021

/s/  *Andrew P. Walsh*
David B. Hall (asb-2500-a60d)
Andrew P. Walsh (asb-3755-w77w)

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1500 Urban Center Dr., Ste. 450
Birmingham, AL 35242
(205)709-8990 Telephone
(205)709-8979 Facsimile
David.hall@wilsonelser.com
Andy.walsh@wilsonelser.com

## PLAINTIFF WILL SERVE DEFENDANT VIA CERTIFIED MAIL AT:

Premier Kings, Inc.
c/o John A. Howard Jr., Registered Agent
3300 Eastern Blvd.
Montgomery, AL 36116

253273859v.3